STATE OF NORTH CAROLINA v. ROGER W. DAVIS
— AND —
STATE OF NORTH CAROLINA v. FRANKLIN H. DAVIS, JR.

No. 7015SC638

(Filed 16 December 1970)

Criminal Law § 92— defendant charged with breaking and entering and larceny — second defendant charged with receiving stolen goods — consolidated trial

The trial court did not err in the consolidation for trial of charges against one defendant for felonious breaking and entering and larceny and a charge against a second defendant for feloniously receiving the goods allegedly stolen by the first defendant.

APPEAL by defendants from *Bowman, Special Superior Court Judge,* 22 June 1970 Criminal Session, ALAMANCE Superior Court.

Roger Wayne Davis was charged in a bill of indictment with felonious breaking and entering and larceny. Franklin H. Davis, Jr. waived the return of the bill of indictment and was tried on information signed by himself, his counsel and the solicitor alleging that Franklin H. Davis, Jr. feloniously received the goods specified in the bill of indictment returned against Roger Wayne Davis, knowing the same to have been stolen. Both defendants were represented by the same privately employed counsel. Based upon inquiry made by the trial judge in open court, the court ascertained, determined and adjudicated that the plea of guilty entered by each defendant was freely, understandingly and voluntarily made, and was made without

any undue influence, compulsion or duress and without promise of leniency.

From judgments imposing an active prison sentence as to each defendant, the defendants appeal.

*Attorney General Robert Morgan by Staff Attorney Walter E. Ricks III for the State.*

*Fred Darlington III for defendant appellants.*

VAUGHN, Judge.

The only questions presented by these appeals are whether errors appear on the face of the record proper and whether the sentence imposed is in excess of statutory limits. We answer these questions in the negative.

Counsel for defendants on this appeal did not represent them at trial. The defendants assert that their only assignment of error is the improper consolidation of the cases for trial. The record contains no exception. Under the circumstances, we have nevertheless considered on its merits the question defendants attempt to raise on appeal and find the defendants' position to be without merit.

Affirmed.

Judges BROCK and MORRIS concur.